UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| TIGERCAT INDUSTRIES, INC., <br><br> Plaintiff <br><br> vs. <br><br> DEERE & COMPANY, <br><br> Defendant | **ANSWER WITH DEMAND FOR JURY TRIAL** <br><br> Case No. 1:05 – cv – 00761 WMS |

_____

Defendant Deere & Company ("Deere"), by its attorneys, hereby answers the Complaint by Plaintiff Tigercat Industries, Inc. ("Tigercat"). All allegations in the Complaint not specifically admitted are hereby denied. As its answer to the Tigercat's Complaint, Deere states as follows:

## NATURE OF THE ACTION

1. This action seeks injunctive relief and damages against defendant Deere & Company ("Deere") for infringement, in violation of 35 U.S.C.§ 271, et seq., of U.S. Patent No. 6,152,201 ("'201 Patent"), which issued on November 28, 2000. A copy of the '201 Patent is attached as Exhibit A.

**ANSWER:** Deere admits that Tigercat's action seeks injunctive relief and damages against Deere for alleged infringement of U.S. Patent No. 6,152,201, a copy of which was attached to the original Complaint. Deere denies all allegations of infringement of the '201 Patent.

## PARTIES

2. Tigercat is an Ontario corporation with principal offices at 40 Consolidated Drive, Paris, Ontario, Canada.

**ANSWER:** Deere admits the allegation of Paragraph 2.

3. Upon information and belief, Deere is a Delaware corporation headquartered in Moline, Illinois.

**ANSWER:** Deere admits that it is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Moline, Illinois.

4. Upon information and belief, Deere offers its goods for sale in the State of New York, has a dealership for its goods in Orchard Park, New York, and is authorized to do business in the State of New York.

**ANSWER:** Deere admits that it offers numerous types of products, at least some of which may be sold in the State of New York. Deere further admits that it is authorized to do business in the State of New York. To the extent Deere understands the allegation that it 'has a dealership…' to mean that Deere 'owns a dealership…,' Deere denies that it owns or operates a dealership for any of its products in Orchard Park, New York. Deere denies the remaining allegations of Paragraph 4.

5. Upon information and belief, Deere does or transacts business within the State of New York; has entered into contracts to supply goods or services in the State of New York; has committed a tortious act within the State of New York; has committed a tortious act without the State of New York causing injury to person or property within the State of New York; regularly does or solicits business within the State of New York; derives substantial revenues from goods used or services rendered in the State of New York; owns, uses of possesses real property within the State of New York; and/or expects its actions to have consequences in the State of New York, and derives substantial revenue from interstate and international commerce.

**ANSWER:** The response to the allegations of Paragraph 5 requires a detailed, time consuming investigation by Deere. Subject to such further detailed, time consuming investigation, and for purposes of this response, Deere admits that one of its employees is employed out of his home in Rochester, New York as Territory Manager of Sales for Western New York. Deere admits that it owns, uses or possesses real property within the State of New York, but not in the Western District. Deere further admits that it derives revenue from the sale of numerous different products and services in interstate and international commerce, including in the State of New York. Deere denies the remaining allegations of Paragraph 5.

## JURISDICTION AND VENUE

6. This action for patent infringement arises under the laws of the United States, 35 U.S.C.§ 1 *et seq.* Jurisdiction over this action is conferred on this Court pursuant to 28 U.S.C.§ 1338.

**ANSWER:** Deere admits that allegations of Paragraph 6.

7. Venue in this District is proper under 28 U.S.C.§ 1400(b) and 28 U.S.C.§ 1391. Upon information and belief, Deere resides in this District, has committed acts of infringement in this District and/or has a regular and established place of business in this District.

**ANSWER:** Deere denies the allegations of Paragraph 7.

## BACKGROUND

8. Tigercat designs, manufactures and sells innovative forestry and logging equipment and harvesting systems, including drive-to-tree and track feller bunchers, grapple skidders, log loaders, harvesters, forwarders and a range of saws, shears and harvesting heads.

**ANSWER:** Deere is without knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 9, and therefore denies the same

9. Deere us [sic] a manufacturer and/or seller of forestry equipment under the Timberjack brand name.

**ANSWER:** Deere admits that at least some of its forestry equipment continues to be sold under the Timberjack name.

## COUNT I

10. Tigercat realleges paragraphs 1 through 9 above.

**ANSWER:** In answer to Paragraph 10, Deere repeats its foregoing admissions, denials and statements.

11. Tigercat is the owner by assignment of all the right, title and interest in the '201 Patent, entitled "Tree Felling Disc Saw Head With Large Tree Accumulation Area," which was duly and legally issued by the United States Patent and Trademark Office on November 28, 2000 from an application filed on June 29, 1999.

**ANSWER:** Deere admits that the '201 Patent issued on November 28, 2000. Deere is without

knowledge or information sufficient to form a belief with respect to the remaining allegations of Paragraph 11, and therefore denies the same.

12. Deere has engaged, and is engaging, in the unauthorized manufacture, use, offer for sale and/or sale in the United States, and/or importation into the United States, of products, including but not limited to products designated as "Timberjack FD45 Felling Heads," that infringe the '201 Patent.

**ANSWER:** Deere admits that it offers for sale and sells a product known as the "FD45 Felling Head." Deere denies the remaining allegations set forth in Paragraph 12.

13. Tigercat had demanded that Deere cease and desist from the manufacture, importation, advertisement, distribution, use and sale of the subject Timberjack FD45 Felling Heads.

**ANSWER:** Deere admits the allegations of Paragraph 13.

14. Deere has failed and refused to cease and desist from such activity.

**ANSWER:** Deere admits that it believes that it is entitled to continue to legally and properly sell its FD45 Felling Heads. Deere denies the remaining allegations set forth in Paragraph 14.

15. Tigercat has suffered damage by reason of Deere's infringement of the '201 Patent and will suffer additional damage unless this Court enjoins Deere from continuing such infringing acts in the future.

**ANSWER:** Deere denies the allegations set forth in Paragraph 15.

16. Upon information and belief, Deere's actions have been and are being taken in willful and malicious disregard of Tigercat's rights.

**ANSWER:** Deere denies the allegations set forth in Paragraph 16.

## COUNT II

17. Tigercat realleges paragraphs 1 through 16 above.

**ANSWER:** In answer to Paragraph 17, Deere repeats its foregoing admissions, denials and statements.

18. Deere has infringed, and is infringing, the '201 Patent, in violation of 35 U.S.C.§ 271(b), by actively inducing others to make, use, sell, offer to sell and/or import into the United States products, including but not limited to products designated as "Timberjack FD45 Felling

Heads," that infringe the '201 Patent.

**ANSWER:**   Deere denies the allegations set forth in Paragraph 18.

19.   Tigercat has suffered damage by reason of Deere's active inducement of the infringement of others, and will suffer additional damage unless this Court enjoins Deere from continuing such infringing acts in the future.

**ANSWER:**   Deere denies the allegations set forth in Paragraph 19.

20.   Upon information and belief, Deere's actions have been and are being taken in willful and malicious disregard of Tigercat's rights.

**ANSWER:**   Deere denies the allegations set forth in Paragraph 20.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE OR AFFIRMATIVE DEFENSE

The Complaint fails to state any claim upon which relief can be granted.

### SECOND DEFENSE OR AFFIRMATIVE DEFENSE

The Complaint is not well grounded in fact and is not warranted by existing law or by good faith argument for the extension, modification or reversal of existing law.

### THIRD DEFENSE OR AFFIRMATIVE DEFENSE

The Complaint and the relief sought therein are barred by Tigercat's laches, "unclean hands," acquiescence, estoppel and/or misuse by the Tigercat.

### FORTH DEFENSE OR AFFIRMATIVE DEFENSE

Deere does not directly infringe (either literally or under the doctrine of equivalents) or induce or contribute to the infringement of, and at all times relevant to this action, has not directly infringed (either literally or under the doctrine of equivalents) or induced or contributed to the infringement of, any valid and enforceable patent claim of the '201 Patent.

### FIFTH DEFENSE OR AFFIRMATIVE DEFENSE

The asserted claims of the '201 Patent are invalid under one or more of the provisions of Title 35 of the U.S. Code, including the respective provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SIXTH DEFENSE OR AFFIRMATIVE DEFENSE

Deere states that it has, or may have, further and additional affirmative defenses which are not yet known to Deere, but which may become known through future discovery.  Deere therefore asserts each and every affirmative defense as may be ascertained through future discovery herein.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Deere demands a trial by jury of all issues triable of right by jury.

Dated:  July 20, 2006

DUKE, HOLZMAN, YAEGER & PHOTIADIS LLP

By: s/Charles C. Ritter, Jr.
Charles C. Ritter, Jr.
Attorneys for Defendant
1800 Main Place Tower
Buffalo, New York 14202
(716) 855-1111 (telephone)
(716) 855-0327 (fax)

and

Robert E. Browne (#0321761)
Thomas C. McDonough (# 6198713)
Maurice E. Finnegan, III (# 6281387)
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street – Suite 2200
Chicago, IL  60602-3801
(312) 269-8000 (Telephone)
(312) 269-1747 (Facsimile)

NGEDOCS: 1307374.2