UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIGERCAT INDUSTRIES, INC.,

      Plaintiff,

vs.                Case No. 05-cv-0761S (SC)

DEERE & COMPANY,

      Defendant.

---

### DEERE & COMPANY'S REPLY TO TIGERCAT INDUSTRIES, INC.'S RESPONSE TO DEERE & COMPANY'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER OF FEBRUARY 7, 2007

The Response of Plaintiff, Tigercat Industries, Inc. ("Tigercat") to Defendant, Deere & Company's ("Deere") Objections to the February 7, 2007 Order of Magistrate Judge Hugh B. Scott ("Order") completely ignores the underlying undisputed fact that neither Tigercat, an alien corporation located in Paris, Ontario, Canada, nor Deere, a Delaware corporation, headquartered in Moline, Illinois, nor this case, have any connection whatsoever to the Western District of New York. There are no witnesses, documents or any other matters of relevance to the issues in this patent infringement action located in the Western District of New York.

The only reason the Western District of New York is even involved in this matter is apparently because it is convenient to Tigercat's counsel, which is located here, and because it is a one and a half hour drive from Tigercat's headquarters. These facts, however, are not, as a matter of law entitled to any substantial consideration in deciding a motion to transfer. See, Canadian Kennel Club v. Continental Kennel Club, 1997 WL 361991 at *3–4, n.3 (S.D.N.Y. 1997) (transfer warranted through Plaintiff's CEO had to travel from Ontario, Canada to Louisiana rather than New York since difference in travel time does not sufficiently affect the balance of convenience) and *Invivo Research, Inc. v. Magnetic Resonance Equipment*

*Corporation, et al.*, 119 F. Supp. 2d at 433 (S.D.N.Y. 2000) (Convenience of counsel is not an appropriate factor to consider on a motion to transfer.) However, 28 U.S.C. § 1404(a) directs the Court to transfer a case "[F]or the convenience of the parties and witnesses" and "in the interest of justice." This does not mean the convenience of one party and its counsel.

1. **Tigercat's Choice of Forum is Not Entitled to Deference**.

As established by Deere in its initial objections, Tigercat, as an alien corporation, is not entitled to the same deference in the selection of the Western District of New York as a forum that it would be if it were a citizen of New Hampshire, New Jersey or even California. *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 71 (2d Cir. 2001)  Neither this Court nor any other U.S. District Court has subpoena power over any witnesses in Canada nor do the Federal Rules of Civil Procedure or Evidence apply in Canada.  Canada is a sovereign country, and while its citizens are certainly entitled to rights in the U.S. Court system, deference in the selection of forum is not one of them.

2. **Travel Times of Tigercat Are Not a Proper Determinative Factor**.

Tigercat spends much of its Response trying to explain why it is easier for it to travel to Buffalo than to Iowa, but Tigercat's travel time is a non-issue. More to the point, none of the witnesses are located in the Western District so any person volunteering to be a witness at a trial in Buffalo will have to travel.

Magistrate Judge Scott's erroneous determination that the Western District of New York would be a more convenient venue for all witnesses, except those Deere employees located in Iowa and Illinois, was based on his incorrect factual assumption that some of the witnesses were located in the Western District of New York. Specifically, on the last line of page 4 of his Order (attached to Deere's Objections) Magistrate Judge Scott erroneously states that "it appears that more non-party witnesses reside in the Western District of New York than in the Southern

District of Iowa." There is no dispute that this finding is clearly wrong. Because it was a basis for Judge Scott's determination of the convenience of witnesses, that determination is erroneous. If witnesses have to be deposed, they will have to be deposed where they reside. Tigercat's witnesses are in Canada and most of Deere's witnesses are in Iowa and Illinois. No witness needs to be deposed in the Western District of New York. All witnesses at trial will be forced to travel to Buffalo. Therefore, the travel times referred to by Tigercat are totally irrelevant.

3. **Deere Does Not Have to Demonstrate Prejudice**.

The plain reading of the Magistrate Judge's finding on paragraph 5 of the Order shows that he did hold Deere to a novel requirement of demonstrating prejudice. The Order says, "although Deere has maintained that Tigercat would not be prejudiced by a transfer of the case to the Southern District of Iowa, Deere has not demonstrated that it would be prejudiced if the matter would remain in the Western District of New York." The Order quotes Deere's argument with respect to Tigercat, but then clearly holds Deere to a requirement of showing prejudice. This is clearly a erroneous statement of the law, which requires a showing of convenience, not prejudice.

4. **The Locus of Operative Facts Is Not New York**.

Neither Tigercat's argument nor the Magistrate Judge's finding that the locus of operative facts is in Canada justifies retention of venue in the Western District of New York. As noted above, Canada is a separate country, not a different state. Tigercat has accused specific products made by Deere of infringement. All the information about those products, and most of the witnesses that know about those products are in Iowa. While the inventor of Tigercat's United States patent may be in Ontario, Canada, he is certainly not in New York and venue is not proper simply because New York is close to Canada.

5. **Other Factors Favor Transfer.**

Magistrate Judge Scott gave little, if any, consideration to the other factors that are normally considered by Courts in determining a transfer. Even in this context, the Order incorrectly states, on page 5, that "relevant documents are located in both judicial districts...". There are no documents in New York. The Order also found that trial may be conducted with equal efficiency in either New York or Iowa, which is contrary to the statistics provided by Deere as taken from official United States' Court publications and cited in Deere's Objections (page 11). Based on those statistics, this matter will proceed to a disposition much more rapidly in Iowa than in the Western District of New York.

6. **The Dismissal of Deere's Patent Infringement Claims in Iowa is a Separate Matter.**

How does the administrative dismissal of Deere's patent infringement suit against Tigercat from the District Court in the Southern District of Iowa play into this matter? The simple answer is it does not. The Iowa case was filed by Deere based on two patents which are entirely different than the patent-in-suit. The Iowa case relates to an accused device made by Tigercat which is different than the device accused by Tigercat of infringement. The Iowa case, therefore, presents completely different issues than the present case. It is not even clear that these two cases should ever be consolidated because they involve different patents and different accused devices.

The Iowa case was administratively dismissed, without prejudice, by Judge Wolle after he apparently tired of waiting for a decision on Deere's Motion to Transfer this case. (Such delay supports a transfer of this case to Iowa for reasons of judicial efficiency as set forth above). The Iowa Order explicitly allows Deere to reopen that case. Finally, Judge Wolle's comment that "Defendant has had very minimal contact with Iowa and probably too little to satisfy due

4

process requirements" cites to a divided Supreme Court decision (Asahi) and a supporting decision of the Eighth Circuit. While this comment is pure dicta and not a basis for the holding, jurisdiction in a patent case is governed by Federal Circuit law, not Eighth Circuit law, and the Federal Circuit follows the opinion of the justices of the divided Asahi Court who ruled contrary to the Eighth Circuit opinion. Deere respectfully submits that its Motion to Transfer must be addressed on its own merits not in the context of the Iowa case, which has completely different issues of fact.

7. **The Interest of Justice Favors Transfer**.

Whether transfer under § 1404(a) serves the interest of justice goes to notions of judicial economy rather than private interests of litigants or witnesses. It embraces considerations of court congestion, which, as shown above, clearly favors a move to Iowa. It also embraces the public policy interest of the state in which the case is tried. There is no discernable public policy interest in keeping this case in New York because none of the parties are here and none of the relevant facts occurred here. There is such an interest in Iowa where Deere has numerous facilities and the alleged infringing product is made.

The bottom line question here is whether this case should be tried in a venue which has no relationship to the parties, the witnesses, the locus of operative facts or any other matter relevant to a determination of the issues presented. Deere respectfully submits that it should not and that the Magistrate Judge's decision should be reversed and this case be transferred to the Southern District of Iowa.

Respectfully submitted,

Dated: March 9, 2007                                DEERE & COMPANY

                                                    By: /s/ Robert E. Browne
                                                         One of its attorneys

5

Charles C. Ritter, Jr.
Duke, Holzman, Yaeger & Photiadis, LLP
1800 Main Place Tower
Buffalo, New York 14202
(716) 855-1111 (telephone)
(716) 855-0327 (fax)
E-mail address:
critter@dhyplaw.com

And

Robert E. Browne (#0321761)
Thomas C. McDonough (# 6198713)
Maurice E. Finnegan, III (# 6281387)
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street – Suite 2200
Chicago, IL  60602-3801
(312) 269-8000 (Telephone)
(312) 269-1747 (Facsimile)

To: Michael J. Berchou
Rowland Richards III
Attorneys for Plaintiff Tigercat Industries Inc.
3400 HSBC Center
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400
E-mail address:
mberchou@phillipslytle.com

NGEDOCS: 016359.0601:1396313.1

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIGERCAT INDUSTRIES, INC.,

        Plaintiff,

vs.                                    Case No. 05-cv-0761S (SC)

DEERE & COMPANY,

        Defendant.

---

## CERTIFICATION OF SERVICE

     I hereby certify that on March 12, 2007, I electronically filed the foregoing papers with the Clerk of the Western District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants in this case:

                      Michael J. Berchou
                      Rowland Richards III
                      Attorneys for Plaintiff Tigercat
                      Industries Inc.
                      3400 HSBC Center
                      Buffalo, New York 14203-2887
                      Telephone No. (716) 847-8400
                      mberchou@phillipslytle.com

                                          Respectfully submitted,

Dated: March 12, 2007                  DEERE & COMPANY

                                          By: /s/ Robert E. Browne
                                               One of its attorneys

| | |
|---|---|
| Robert E. Browne (#0321761) | Charles C. Ritter, Jr. |
| Thomas C. McDonough (# 6198713) | Duke, Holzman, Yaeger & |
| Maurice E. Finnegan, III (# 6281387) | Photiadis, LLP |
| Neal, Gerber & Eisenberg LLP | 1800 Main Place Tower |
| Two North LaSalle Street – Suite 2200 | Buffalo, New York 14202 |
| Chicago, IL 60602-3801 | (716) 855-1111 (telephone) |
| (312) 269-8000 (Telephone) | (716) 855-0327 (fax) |
| (312) 269-1747 (Facsimile) | critter@dhyplaw.com |

1

NGEDOCS: 1398131.1