UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIGERCAT INDUSTRIES INC.,

            Plaintiff,

v.                                      **ORDER**
                                       05-CV-761S

DEERE & COMPANY,

            Defendant.

      1.     On October 24, 2005, Plaintiff commenced this action for patent infringement against Defendant. On July 25, 2006, this Court referred the case to Magistrate Judge Scott for resolution of non-dispositive pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

      2.     On July 21, 2006, Defendant moved for a change of venue to the Southern District of Iowa. On February 7, 2007, Judge Scott issued a Decision and Order denying Defendant's Motion for a Change of Venue. On February 16, 2007, Defendant filed Objections to Judge Scott's Decision and Order. On March 2, 2007, Plaintiff filed a Response to Defendant's Objections. On March 12, 2007, Defendant filed a Reply.

      3.     Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may, with certain exceptions, hear and determine any pretrial matter pending before the court. The magistrate judge's order on such a pretrial matter will be reconsidered by the district judge only when it has been established that it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A).

      4.     This Court has reviewed Judge Scott's Decision and Order, Defendant's Objections thereto, Plaintiff's Response, Defendant's Reply, and the applicable law. In this Court's view, Defendant has come forth with no cause to disturb Judge Scott's ruling.

Clearly Defendant disagrees with Judge Scott's conclusion, but this alone does not serve as cause to disturb a magistrate judge's decision. Nothing in Defendant's Objections establishes that Judge Scott's decision is clearly erroneous or contrary to law. Accordingly, this Court will deny Defendant's Objections.

5. Furthermore, although Defendant's Motion was based on *forum non conveniens*, and did not specifically contend that venue was improper, this Court finds that venue is proper in the Western District of New York. Venue in patent infringement cases is governed by 28 U.S.C. §1400(b), which provides that a civil action for patent infringement may be brought "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." The Federal Circuit has explained that the test for venue for a corporate defendant in a patent infringement case is "whether the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced." VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1584 (Fed. Cir. 1990) (citing 28 U.S.C. §§ 1391(c) and 1400(b)).

6. In the present case, Defendant concedes: (1) that it employs a sales manager in the Western District of New York (Defendant's Answer (Docket No. 11-1), ¶ 5); (2) that its products are sold in the Western District of New York (Defendant's Answer (Docket 11-1), ¶ 4; Defendant's Memorandum (Docket 12-2), p. 3); and (3) that it has an independently owned and operated dealer in the Western District of New York (Griswold Affidavit (Docket No. 12-3), ¶ 4; Defendant's Memorandum (Docket 12-2), p. 3). Accordingly, this Court finds that Defendant has sufficient contacts in the Western District of New York to establish venue under 28 U.S.C. §§ 1400(b) and 1391(c).

IT HEREBY IS ORDERED, that Defendant's Objections (Docket No. 29) to Judge Scott's February 7, 2007 Decision and Order are denied.

FURTHER, that Judge Scott's February 7, 2007 Decision and Order (Docket No. 28) is AFFIRMED in its entirety.

SO ORDERED.

Dated:  April 6, 2007
        Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge